```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**DENNY-RAY HARDIN,**

                **Petitioner,**

      **v.**                                 **CASE NO. 11-3180-RDR**

**SHELTON RICHARDSON,**
**Warden, et al.,**

                **Respondents.**

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the Leavenworth Detention Center, Leavenworth, Kansas. The filing fee has been paid.

As the factual background for this Petition, Mr. Hardin alleges as follows. He is confined at the LDC due to federal charges brought against him in the United States District Court for the Western District of Missouri. The "secret indictment" by federal authorities was issued against him while he was in the custody of Missouri state officials for probation violations. He states that there has been no judgment or sentencing on the federal charges, but "only an order" finding him guilty entered on September 14, 2011. He claims that he has been denied many constitutional rights during the federal proceedings, such as the right to testify at a trial and to subpoena witnesses and that the court lacked jurisdiction.[1] He

---

[1] Mr. Hardin's challenge to the Missouri federal court's jurisdiction appears to be based upon the utterly frivolous contention that he is "a dejure soverign (sic) State Citizen of one of the several states of the republic (Missouri)" and not a United States citizen, with references to the Uniform Commercial Code and Bible passages. Petition (Doc. 1) at 6, 12. The pages of personal affidavits he offers in support are equally frivolous.
    Petitioner's claims of failure to prosecute and denial of his right to a speedy trial must be litigated on direct appeal. Any claim of cruel and unusual conditions and physical injury that occurred during Mr. Hardin's pretrial confinement within another federal judicial district must be litigated by filing a civil complaint in the appropriate state or federal court against the person or persons that caused the alleged conditions. Claims of denial of access by court

alleges that he has filed a notice of appeal to the Eighth Circuit, but then alleges that there has been no judgment so it has not been sent. He demands his immediate release and "complete discharge" from custody.[2]

To the extent that Mr. Hardin is attempting to challenge the findings of the Western District of Missouri court during criminal proceedings, he must first do so by direct appeal to the Eighth Circuit Court of Appeals after judgment has been entered. If he fails to properly present all his claims on direct appeal, he risks losing any right those have those claims heard. Petitioner's post-appeal remedy is by motion pursuant to 28 U.S.C. § 2255, which may only be filed in the sentencing court. This court has no jurisdiction to review criminal proceedings conducted by a federal court in another judicial district. The fact that Mr. Hardin is confined within this judicial district does not give this court jurisdiction over such challenges.

The court takes judicial notice of U.S. v. Hardin, Case No. 4:10-cr-00131-GAF, which indicates that the court ordered a psychological evaluation of the defendant (Doc. 18), that a competency hearing was conducted, and that Mr. Hardin was found incompetent to proceed. He was committed for hospitalization and treatment on October 6, 2010 (Doc. 37). Following a second competency hearing, on May 23, 2011, Mr. Hardin was found competent

---

personnel in other states are also outside this court's jurisdiction.

[2]   To the extent Mr. Hardin may be attempting to seek restitution, this is again the wrong jurisdiction. In any event, such a claim is premature. Money damages claims based upon illegal confinement are barred unless and until the prisoner has had his conviction overturned. Heck v. Humphrey, 512 U.S. 477, 487 (1994). Moreover, judges and prosecutors are absolutely immune to suit for money damages for acts taken within their official capacities.

2

to stand trial.  He has elected to represent himself, and has filed numerous pro se motions.  His motion to suppress was heard and denied and his motion to dismiss for lack of jurisdiction was denied on September 7, 2011 (Doc. 169).  Mr. Hardin refused to participate on the date his case was originally set for trial; however, a bench trial was begun on September 12, 2011 and completed on September 14, 2011 (Docs. 176, 178).  Mr. Hardin was found guilty on September 14, 2011 (Doc. 179).  The court repeats that his recourse is to properly file and pursue his direct appeal.

The court finds that this action is frivolous and states no ground for relief in this court.  The court further finds that no purpose would be served by allowing petitioner the opportunity to amend or otherwise respond.

**IT IS THEREFORE ORDERED** that this action is dismissed and all relief is denied, without prejudice, for lack of jurisdiction and as frivolous.

**IT IS FURTHER ORDERED** that the court certifies that any appeal from this Order is not taken in good faith.

**IT IS SO ORDERED.**

**DATED:  This 9th day of December, 2011, at Topeka, Kansas.**

                                         **s/RICHARD D. ROGERS**
                                         **United States District Judge**